1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH CUVIELLO and MARK ENNIS,<br><br>    Plaintiffs,<br><br>  v.<br><br>CIRCUS AMERICA, INC., JAVIER RAMON MARTINEZ, and JOHN PELTON,<br><br>    Defendants. | Case No. 12-cv-04618 NC<br><br>**CASE MANAGEMENT SCHEDULING ORDER AND ORDER TO SHOW CAUSE RE: DISMISSAL** |

  The parties attended a case management conference on March 27, 2013.  After considering the joint case management statement submitted by the parties, IT IS HEREBY ORDERED THAT:

  1.  SUBJECT MATTER JURISDICTION.  As the Court noted at the case management conference, the complaint does not appear to contain sufficient allegations to establish the existence of federal subject matter jurisdiction in this action.  Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

1   dismiss the action.").

2       In most cases, original federal subject jurisdiction may be premised on two grounds:

3   (1) diversity jurisdiction, or (2) federal question jurisdiction.  District courts have diversity

4   jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value

5   of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of

6   different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3)

7   citizens of different States and in which citizens or subjects of a foreign state are additional

8   parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States."

9   28 U.S.C. § 1332.  District courts also have federal question jurisdiction over "all civil

10  actions arising under the Constitution, laws, or treaties of the United States."

11  *Id.* § 1331.

12      Here, plaintiffs claim violations of the California Constitution, article I, § 2(a),

13  California Civil Code §§ 43, 51.7, 52.1, and 1708, and common law torts of assault and

14  battery.  Dkt. Nos. 1; 15 at 2:15-21.  Because all of plaintiffs' claims arise under California

15  law, there appears to be no basis for federal question jurisdiction.

16      As indicated by the complaint and the parties' joint case management statement,

17  plaintiffs contend that federal subject matter jurisdiction is proper based on diversity

18  pursuant to 28 U.S.C. § 1332.  Dkt. Nos. 1; 15 at 2:1-4.  The essential elements of diversity

19  jurisdiction must be affirmatively alleged in the pleadings.  *See Bautista v. Pan American*

20  *World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (citations omitted); *Kanter v.*

21  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a

22  party seeking to invoke diversity jurisdiction should be able to allege affirmatively the

23  actual citizenship of the relevant parties.").  Here, the essential elements of diversity

24  jurisdiction appear to be lacking.

25      First, the complaint fails to allege plaintiffs' citizenship.  The complaint alleges that

26  both plaintiffs are individuals who reside in California.  Dkt. No. 1 ¶¶ 4-5.  However,

27  allegations of residence are insufficient for purposes of establishing jurisdiction under 28

28  U.S.C. § 1332.  *Kanter*, 265 F.3d at 857 (a natural person's citizenship for purposes of

1   diversity jurisdiction is determined by the state of domicile, not the state of residence);

2   *Quinn v. McGraw-Hill Companies, Inc.*, 168 F.3d 331, 334 n.1 (7th Cir. 1999).

3       Second, the complaint also fails to allege the citizenship of each defendant.  There

4   are three defendants in this case--"Circus America, Inc., (aka Piccadilly Circus)," Javier

5   Ramon Martinez, and John Pelton.  Dkt. No. 1 at ¶¶ 6-9.  The complaint contains no

6   allegation as to the citizenship of defendants Martinez and Pelton.  The complaint also does

7   not sufficiently allege the citizenship of the business entity defendant.  The complaint

8   alleges that defendant Circus America, Inc. is "a business entity, form unknown, with its

9   principal place of business in Sarasota, Florida."  *Id.* at ¶ 6.  However, the mere allegation

10  of a corporate party's principal place of business, without alleging where it is incorporated,

11  is insufficient to establish diversity.  *See* 28 U.S.C. § 1332(c) (for purposes of diversity, "a

12  corporation shall be deemed to be a citizen of every State and foreign state by which it has

13  been incorporated *and* of the State or foreign state where it has its principal place of

14  business") (emphasis added); *see also Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*,

15  37 F.3d 363, 365 n.3 (7th Cir. 1994); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035,

16  1039 (5th Cir. 1982).  In the case of an artificial business entity that is not a corporation,

17  the entity's citizenship for diversity purposes generally depends on the citizenship of each

18  of its members.  *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).

19      Because the complaint does not contain sufficient allegations to establish that all

20  plaintiffs are of diverse citizenship to all defendants, by April 24, 2013 plaintiffs must

21  amend their complaint to plead an adequate basis for diversity jurisdiction, or file a

22  response showing cause why this action should not be dismissed for lack of federal subject

23  matter jurisdiction.

24      2. ALTERNATIVE DISPUTE RESOLUTION.  By April 10, 2013, the parties must

25  meet and confer about settlement and the ADR process selection, file their ADR

26  certifications, and file either an ADR stipulation, or notice of need for ADR phone

27  conference in accordance with Civil L.R. 16-8(b)-(c) and ADR L.R. 3-5.

28  //

1
2
3
     3.  DISCOVERY.  By April 10, 2013, the parties must comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) and exchange an initial production of documents.

4
5
6
7
8
     4.  FURTHER CASE MANAGEMENT CONFERENCE.  A further case management conference will be held on May 22, 2013 at 10 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.  The parties must file a joint case management statement at least one week prior to the conference.  *See* Civil L.R. 16-10(d).

9
     IT IS SO ORDERED.

10
     Date: April 1, 2013

11
                       Nathanael M. Cousins
                       United States Magistrate Judge

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28